UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KM AND TM PARENTS,<br><br>Plaintiff,<br><br>v.<br><br>LOS GATOS UNION SCHOOL DISTRICT,<br><br>Defendant. | Case No. 14-cv-03520-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO LODGE THE ADMINISTRATIVE RECORD IN RESPONSE TO PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES**<br><br>[Re: ECF 32] |

This case involves a dispute over prevailing party attorneys' fees following an administrative hearing on Plaintiff parents' claims, brought under the Individuals with Disabilities Education Act ("IDEA"), that their child was denied a Fair and Adequate Public Education ("FAPE") between 2011 and 2013. *See* Compl., ECF 1.

The Court is currently presented with a disagreement between the above-captioned parties as to whether Defendant may lodge the record from the underlying administrative proceeding in order to oppose Plaintiffs' attorneys' fees request. *See* Mot., ECF 32 at 1-2. Defendant contends that Plaintiffs are only partial prevailing parties, and that Plaintiffs spent much of the six-day hearing litigating issues on which Plaintiffs did not prevail. *See, e.g.*, *id.* at 3. Defendant therefore argues that it must be permitting to lodge, and cite to, portions of the administrative record in order to support its contention that "the majority of the six days of hearing [were spent] on arguments that were either un-meritorious or not properly before OAH." Mot. at 4.

In response, Plaintiffs make several arguments.[1] First, Plaintiffs contend that the

---

[1] The Court instructs Plaintiffs to, in the future, comply with all pertinent rules regarding page limits for briefing. *See, e.g.*, Civil L.R. 7-11(b) ("Any opposition to . . . a Motion for Administrative Relief may not exceed 5 pages.").

administrative record will not help the Court adjudicate the extent to which Plaintiffs are a prevailing party, and that the Court instead needs to look only to the detailed opinion rendered by the Administrative Law Judge ("ALJ"). Second, Plaintiffs contend that their claims were all inexplicably intertwined with one another, and therefore though they failed to prevail on certain "sub-issues" before the ALJ, they should be considered prevailing parties, not partial prevailing parties. Third, Plaintiffs contend that the use of the administrative record by this Court, and the expense and time required for the parties to engage in review of that record, runs counter to the Supreme Court's ruling in *Hensley v. Eckerhart*, in which the Supreme Court held that a request for attorneys' fees "should not result in a second major litigation." 461 U.S. 424, 437 (1983).

The Civil Rights Attorney's Fees Awards Act of 1976 authorizes district courts to award reasonable attorney's fees to prevailing parties in civil rights litigation. *See* 42 U.S.C. § 1988. In *Hensley v. Eckerhart*, the Supreme Court held that "the level of a plaintiff's success is relevant to the amount of fees to be awarded." *Hensley*, 461 U.S. 424, 430. The Supreme Court confirmed that district courts are granted substantial deference in determining what fees are reasonable, but cautioned that "work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate results achieved.'" *Id.* at 435.

The Ninth Circuit has expressly extended *Hensley* to attorneys' fees awarded in cases brought pursuant to IDEA. *See Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006). *Aguirre* further holds that the degree of a parties' success is relevant in determining the amount of fees to be awarded. *See id.* at 1120 ("If we were to hold that the degree of success need not be considered under the IDEA's fee-shifting provision, we would be alone [among the circuits] in doing so.").

It is under this legal backdrop that the Court considers Defendant's request to lodge the administrative record in support of its opposition to Plaintiffs' fees request. Defendant is correct that a review of the administrative record could be useful to the Court, particularly if a substantial amount of time during the underlying administrative proceeding was spent litigating issues on which Plaintiffs did not prevail. Further, a review of that underlying record would assist the Court in parsing the arguments and claims to determine whether, as Plaintiffs contend, all of their claims

1  regarding their child's FAPE were intertwined. What is clear is that preventing the Defendant
2  from lodging the administrative record would deprive the Court of necessary context for making
3  these determinations. For example, the ALJ's written opinion could include a short sentence
4  finding unpersuasive one of Plaintiffs' arguments, despite the fact that this argument took up a
5  lengthy portion of the proceeding. The Court would be in the dark as to this relevant context
6  unless the parties have the opportunity to cite to the proceeding in support of their claims.

7  Plaintiffs repeatedly assert that *Hensley* discourages courts from creating a "second major
8  litigation" when determining attorneys' fees under Section 1988. This is undoubtedly true, but
9  Plaintiffs fail to articulate how the ability of Defendant to lodge the record, and cite to its relevant
10 portions, turns this dispute into "major litigation." Defendant should not be prevented from
11 forcefully arguing that Plaintiffs did not prevail on certain claims before the ALJ, and even more
12 importantly should not be presented from providing the Court evidence in support of its argument
13 that substantial portions of the administrative hearing were spent on non-meritorious or otherwise
14 frivolous matters. Plaintiffs will then have the opportunity to rebut that evidence and the
15 inferences Defendant draws therefrom.

16 Defendant's citations to the record could ultimately prove unpersuasive, and Plaintiffs may
17 themselves utilize the record to show that their claims were intertwined such that they should be
18 considered prevailing parties. Both parties, however, should have the opportunity to present such
19 evidence, and the Court should have the ability to review it. Defendant's motion is therefore
20 GRANTED.

21 **IT IS SO ORDERED.**

22 Dated: January 27, 2015

_____
BETH LABSON FREEMAN
United States District Judge

3